No. 23-1119(L)

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

ELIZABETH SINES, et al.,
*Plaintiffs - Appellees*,

TYLER MAGILL; HANNAH PEARCE,
*Plaintiffs*,

v.

MICHAEL HILL; MICHAEL TUBBS; LEAGUE OF THE SOUTH,
*Defendants - Appellants*,

JASON KESSLER, et al.,
*Defendants.*

On Appeal from the United States District Court
for the Western District of Virginia
No. 3:17-cv-00072; Hon. Norman K. Moon

## BRIEF OF APPELLANTS

James E. Kolenich
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
JEK318@gmail.com
*Counsel for Defendant / Appellant, Nathan Damigo*

Bryan Jones, VSB #87675
Bryan J. Jones, LLC
106 W. South Street, Suite 201
Charlottesville, VA 22902
Tel: (434) 260-7899
Fax: (434) 381-4397
bryan@bjoneslegal.com
*Counsel for Appellants, Michael Hill, Michael Tubbs, League of the South*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................i
TABLE OF AUTHORITIES ........................................................................ii
BRIEF OF APPELLANTS .......................................................................... 1
   STATEMENT OF JURISDICTION .................................................... 1
   ISSUE PRESENTED ............................................................................ 1
   STATEMENT OF THE CASE ............................................................. 2
   SUMMARY OF THE ARGUMENT ................................................... 3
   ARGUMENT ......................................................................................... 4
     I.   THE TRIAL COURT ERRED IN ORDERING THAT DEFENDANT APPELLANTS ARE JOINTLY AND SEVERALLY LIABLE FOR ALL COMPENSATORY DAMAGES AWARDED BY THE JURY ON CLAIMS IV AND V. ............................................................................... 4
        A.   Standard of Review .................................................................. 4
        B.   Discussion: Joint and Several Liability .................................... 4
   CONCLUSION ...................................................................................... 9
ATTORNEY SIGNATURE ....................................................................... 10
CERTIFICATE OF COMPLIANCE ........................................................ 11
CERTIFICATE OF SERVICE .................................................................. 12
CERTIFICATE OF SERVICE ADDITIONAL PARTICIPANTS .......... 13

# TABLE OF AUTHORITIES

Page

**Cases:**

Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 353 (1998). .................................................................................................. 8

*PNG Invs., L.L.C. v. Gravely-Robinson*
   72 Va. Cir. 146 (Roanoke Cir. 2006) ................................................. 7

*Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*
   682 F.3d 292 (4th Cir. 2012) ............................................................. 8

*United States v. Turner*
   389 F.3d 111 (4th Cir. 2004) ............................................................. 4

*Wright v. Eli Lilly & Co.*
   66 Va. Cir. 195 (Portsmouth Cir. 2004) ............................................. 5

**Statutes:**

28 U.S.C. § 1331 ................................................................................... 1

28 U.S.C. § 1343 ................................................................................... 1

28 U.S.C. § 1367 ................................................................................... 1

42 U.S.C. § 1983 ................................................................................... 1

42 U.S.C. § 1985 ................................................................................... 1

**Constitutions:**

U.S. Const., 7th Amendment ............................................................... 8

U.S. Const., amend. XIII ..................................................................... 1

**Other:**

Charles E. Friend, Personal Injury Law in Virginia, § 14.1 (3rd ed. 2003) .............................................................................................. 5

## BRIEF OF APPELLANTS

## STATEMENT OF JURISDICTION

This case arises under U.S. Const., amend. XIII, and 42 U.S.C. §§ 1983, 1985(3). The District Court had subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. The District Court had supplemental jurisdiction over state law claims presented under 28 U.S.C. § 1367(a).

A jury verdict was reached on November 23, 2021 (1 JA 143 at ECF 1478.) The District Court overruled Appellants' post-trial Motions on December 30, 2022 (1 JA 142 ECF 1623, Order amended on January 6, 2023 (1 JA 142 at ECF 1629.) The District Court entered judgment against Defendant Appellants on January 9, 2023 (1 JA 143 at ECF 1631.) Appellants timely filed their Notices of Appeal on January 30, 2023. (1JA 143 at ECF 1633, 1634.)

## ISSUE PRESENTED

I. THE TRIAL COURT ERRED IN ORDERING THAT DEFENDANT APPELLANTS ARE JOINTLY AND SEVERALLY LIABLE FOR ALL COMPENSATORY DAMAGES AWARDED BY THE JURY ON CLAIMS IV AND V.

1

## STATEMENT OF THE CASE

This appeal involves the "Unite the Right" incident at Charlottesville, VA in August 2017. (1 JA 147.) At the time of trial, Plaintiff-Appellees' operative Complaint stated seven causes of action against twenty-five different defendants. (1 JA 146.) The defendants consisted of ten organizations and fifteen individual defendants. (JA 146.)

Not every defendant was sued under every cause of action. 1 JA 246–253.) Defendant-Appellants were sued only in the first three counts, which were all conspiracy related causes of action. (1 JA 246–253.) No appellant to this consolidated appeal was sued in Counts IV, V, VI, or VII of the operative Complaint.

(1JA 251–253.)

At the conclusion of a multi week jury trial there were six causes of action remaining. Count IV of the operative Complaint had been withdrawn and so original Counts V, VI, and VII had become Counts IV, V, and VI on the verdict form. (1 JA 246–253, 1 JA 79 at ECF 893, 8 JA 4746–4755.) The verdict form was a special verdict form that compelled the jury to individually apportion both liability and damages. (8 JA 4746–4755.)

Importantly, the verdict form did not allow the jury to impose liability or damages against any Defendant Appellant for counts IV, V,

2

or VI. The jury was unable to reach a verdict on Counts I or II (8 JA 4747–4748, 1 JA 143 at ECF 1631.) The jury ruled against Defendant Appellants in Count III and specifically and individually apportioned damages. (8 JA 4749–4751.)

The jury did not make any finding against Defendant Appellants as to Counts IV, V, or VI on the verdict form. The jury did find against other defendants, not party to this appeal, on Counts IV, V, and VI and individually apportioned liability and damages. (8 JA 4752–4755.) The District Court entered judgment ordering the appellants to be jointly and severally liable on Counts III, IV, and V, but not Count VI. (8 JA 4867.)[1]

## SUMMARY OF THE ARGUMENT

Despite issuing a special verdict form to the jury that did not allow them to make any finding against any Appellant as to Counts IV, V, or VI, and despite the jury awarding virtually all compensatory damages on Counts IV, V, and VI only, and not against any Appellant, the District Court entered a judgment making Appellants jointly and severally liable on the entire compensatory jury award except for Count VI. The District Court did apportion punitive damages consistent with

---

[1] Post trial Orders regarding Attorneys' Fees or costs were not appealed.

3

the jury's verdict. The District Court did not explain why Count VI, but not Counts IV and V, was excluded from its joint and several liability Order.

In ordering the Appellants to be jointly and severally liable on claims for which the jury, on a special verdict form, did not find against them, the District Court has erred and must be reversed.

## ARGUMENT

**I. THE TRIAL COURT ERRED IN ORDERING THAT DEFENDANT APPELLANTS ARE JOINTLY AND SEVERALLY LIABLE FOR ALL COMPENSATORY DAMAGES AWARDED BY THE JURY ON CLAIMS IV AND V.**

### A. Standard of Review

The standard of review for a question of law is de novo. *United States v. Turner*, 389 F.3d 111, 119 (4th Cir. 2004).

### B. Discussion: Joint and Several Liability

"At common law, joint tort-feasors were persons who acted in concert to cause a plaintiff's injury. In the United States, the definition of "joint tort-feasors" was judicially extended to include those who did not act in concert, but whose concurrent wrongdoing caused a **single injury.**"

4

*Wright v. Eli Lilly & Co.*, 66 Va. Cir. 195, 212–213 (Portsmouth Cir. 2004).) *quoting* Charles E. Friend, Personal Injury Law in Virginia, § 14.1 (3rd ed. 2003) (emphasis added).

"It is often stated in the Virginia cases that joint tort-feasors are jointly and severally liable. Essentially, this means that where the damages caused by the wrongful acts of two or more persons produce a **single injury**, both tort-feasors may be held liable for the entire amount of the injured person's damages." (emphasis added) *Wright v. Eli Lilly & Co.*, 66 Va. Cir. at 212–213.

Here, the jury was specifically prohibited from finding Appellants liable on Counts IV or V by the Court's instructions to the jury and the jury verdict form.

Jury Instruction #24 states that:

> "As previously mentioned, Plaintiffs allege that Defendants engaged in a civil conspiracy to violate Virginia Code§ 8.01–42.1 (often referred to as Virginia's hate crimes statute). Plaintiffs Romero and Willis also bring a standalone claim against Defendants Kline, Spencer, Kessler, Ray, and Cantwell under Virginia Code§ 8.01–42.1 for racial, religious or ethnic harassment, or violence." (JA 4709.)

Jury Instruction #24 goes on to tell the jury:

> "Plaintiffs Romero, Muniz, Wispelwey, Sines, Blair, Martin, and Willis, bring a standalone claim against Defendant Fields under Virginia Code § 8.01–42.1." (JA 4709.)

5

Counts IV and V are the standalone claims discussed in <u>Jury Instruction #24.</u> (8 JA 4752–4754.)

Here the verdict form has separate sections for Count III, IV and V. Moreover, it lists which Defendant is available for the jury to rule against as to each count on the verdict form. (8 JA 4746–4755.) Each and every Defendant was available to the jury on the Count III civil conspiracy, however only some defendants, and no Appellant herein, was listed under Counts IV and V.

The jury verdict form, as filled out by the jury, also establishes that the jury must have considered the injuries suffered under counts IV and V as distinct from those suffered under Count III.

All Defendants were found liable under the Count III state law conspiracy claim. (8 JA 4750.) However, plaintiffs were awarded only nominal damages[2] as compensation. In addition, substantial punitive damages[3] were awarded on Count III. (8 JA 4751).)

In the Count IV "standalone" claim, two plaintiffs were awarded $250,000 each as compensation and $200,000 in punitive damages against five individual defendants, none of whom are Appellants herein.

---

[2]  Two Plaintiffs, Elizabeth Sines and Seth Wispelwey, were awarded no compensation anywhere in the verdict form.

[3]  $500,000 against individual defendants and $ 1,000,000 against organizational defendants.

6

(8 JA 4752.) It is not possible, under Virginia law, to award nominal damages and hundreds of thousands of compensatory damages to the same party for the same injury.

"Nominal damages are those trifling sums of money a court awards to a party who is technically injured when a civil wrong has been committed against his personal or property interests, but when little or no evidence of actual damage exists *PNG Invs., L.L.C. v. Gravely-Robinson*, 72 Va. Cir. 146, 147 (Roanoke Cir. 2006). This fact establishes that the jury found the injuries in Count IV to be separate and distinct from the injuries in Count III. The Count IV injury was therefore not a "single injury" with the Count III injury under Virginia law.

Count V, as in Count IV, saw the jury award more than nominal damages (hundreds of thousands of dollars) to multiple different plaintiffs and award a notably different amount of punitive damages ($6,000,000) as well. (8 JA 4754.) As with Count IV, this fact establishes that the jury considered Count V damages as separate and distinct from Count III damages. The Count V injury was therefore not a "single injury" with the Count III injury under Virginia law.

In the Fourth Circuit, when examining a conspiracy case under Virginia law[4], a judgment will be reversed where the jury did not

---

[4]   682 F. 3d 292 at Footnote 10.

7

"distinguish the amount attributable to each claim." *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292 at 313.

Moreover, under the Seventh Amendment "the common law rule as it existed at the time of the adoption of the Constitution was that 'in cases where the amount of damages was uncertain, their assessment was a matter so peculiarly within the province of the jury that the Court should not alter it." *Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 353 (1998).*

The trial court violated the Defendants' Seventh Amendment rights by altering the jury verdict on damages and acting as a fact finder in finding Appellants liable for compensatory damages on Claims IV and V.

The verdict forms (8 JA 4746-4755) specifically distinguished between damages for Claims I, II, and III. There was one place for the jury to award damages for the first three conspiracy claims and separate places on the verdict form for the jury to award damages for the non-conspiracy Claims IV, V, and VI. The trial court violated the Seventh Amendment by awarding damages—a jury function—against Appellants, in a manner contrary to the jury's verdict.

The jury was provided with a special verdict form and did an excellent job distinguishing "the amount attributable to each claim." The way the jury did so establishes, with crystal clarity, that they

8

considered the Count IV and V injuries to be distinct from the injuries dealt with in Count III. As the injuries are distinct they are not eligible for joint and several liability under Virginia law. Therefore, as a matter of law, the District Court erred in imposing joint and several liability for Counts IV and V on the Appellants in this case.

## CONCLUSION

For the reasons stated above Appellants respectfully request that this Court reverse the District Court judgment imposing joint and several liability on the Appellants and Order that they be responsible only for what the jury found them responsible for, the Count III damages, for which they admit they are jointly and severally liable for the compensatory damages awarded for Count III injuries only.

Respectfully Submitted,

Dated: April 24, 2023     By: /s/ James Kolenich

KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
JEK318@Gmail.com

Counsel for Nathan Damigo

9

## ATTORNEY SIGNATURE

                                                        Respectfully Submitted

Dated: April 24, 2023          By: /s/ Bryan Jones

                                                    BRYAN J. JONES LLC
                                                    106 W. South St. Suite 201
                                                    Charlottesville, VA 22902
                                                    434-260-7899
                                                    bryan@bjoneslegal.com
                                                    Counsel for Michael Hill,
                                                    Michael Tubbs, and League of
                                                    the South

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains **1,711 words**, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface, **14-pt Century Schoolbook**, using TypeLaw.com's legal text editor.

Dated: April 24, 2023                By: /s/ James E. Kolenich

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2023, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the CM/ECF system. All represented parties are registered CM/ECF users, and will be served by the appellate CM/ECF system.

Dated: April 24, 2023             By: /s/ James E. Kolenich

                                                                  Counsel for Appellant Nathan Damigo

# CERTIFICATE OF SERVICE ADDITIONAL PARTICIPANTS

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2023, I served the following via ECF:

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Cross-Appellee James A. Fields, Jr.*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Cross-Appellees Matthew Heimbach, Matthew Parrott, and Traditionalist Worker Party*

William Edward ReBrook, IV
The ReBrook Law Office
1420 Cardinal Road
Charleston, WV 25314
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Cross-Appellees Matthew Heimbach, Matthew Parrott, Traditionalist Worker Party, National Socialist Movement, and Nationalist Front*

s/ James E. Kolenich
James E. Kolenich

14

## CERTIFICATE OF SERVICE

      I hereby certify that on April 24, 2023, I served the following via electronic mail:

Christopher Cantwell
christopher.cantwell@gmail.com

      I further hereby certify that on April 24, 2023, I also served the following by physical mail:

Jason Kessler
6256 Bullet Dr.
Crestview, FL 32536

1100 Wythe Street, Unit 1812
Alexandria, VA 22313

Vanguard America
c/o Dillon Hopper
383 Hazzard Street
Scottsburg, IN 47170

Richard Spencer
734 Clearwater Drive
Whitefish, MT 59937

Moonbase Holdings, LLC
c/o Andrew Anglin
6827 N. High Street, Ste. 121
Worthington, OH 43085

P.O. Box 208
Worthington, OH 43085

Robert "Azzmador" Ray
22345 Cherry Lane
Frankston, TX 75763

Elliott Kline a/k/a Eli Mosley
117 Mesa Drive
Reading, PA 19608

Jeff Schoep
P.O. Box 66335
Roseville, MI 48066

Augustus Sol Invictus
424 E. Central Blvd #156
Orlando, FL 32801

22803 Rausch Avenue
Eastpointe, MI 48021

Fraternal Order of the Alt-Knights
c/o Kyle Sean Chapman
52 Lycett Circle
Daly City, CA 94015

Loyal White Knights of the Ku Klux Klan
c/o Chris and Amanda Barker
2364 US Highway 158 E
Yanceyville, NC 27379

15

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

                                          <u>/s/ James E. Kolenich</u>
                                          James E. Kolenich

                                          *Counsel for Nathan Damigo*