**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0883
DIRECT EMAIL     rtolentino@kaplanhecker.com

January 24, 2024

BY CM/ECF

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

                Re:    Response to Defendants-Appellants' Notice of Supplemental Authority Pursuant to Rule 28(j), *Sines v. Hill*, No. 23-1119 (L)

Dear Ms. Anowi:

On behalf of Plaintiffs/Cross-Appellants ("Plaintiffs"), I write to respond to Defendants/Appellants' ("Defendants") Rule 28(j) letter regarding a two-month-old state trial court decision that neither confronted nor decided any question presented in this cross-appeal.

*Bavely v. Geneva Enterprises, Inc.*, 2023 Va. Cir. LEXIS 223 (Nov. 15, 2023), does not "substantially support[]" Defendants' multi-plaintiff interpretation of Virginia's punitive damages cap, Va. Code § 8.01-38.1. *Bavely* merely held that the cap does not apply on a "per-claim" basis. 2023 Va. Cir. LEXIS 223, at *35. And as the district court acknowledged, this "per-claim" question is not implicated here. J.A. 4821 n.24. Thus, *Bavely* took note of the district court's holding—but it did not endorse the district court's reasoning. *See* 2023 Va. Cir. LEXIS 223, at *11-12.

Because the *Bavely* court did not confront the per-plaintiff question presented in this cross-appeal, it had no occasion to grapple with the original meaning of "action" (which the General Assembly has long understood as referring to a single plaintiff's action) or the surplusage, absurdity, and mischief that would result under Defendants' atextual interpretation. *See* Pls.' Opening Br. 31-44. To be sure, *Bavely* rejected absurdity-based arguments levied against a per-*claim* reading of the statutory cap. *See* 2023 Va. Cir. LEXIS 223, at *13-17. But that reasoning is inapposite here. Unlike in the claim-splitting context (where preclusion principles will stop a plaintiff from flooding the courts with serial litigation), Defendants' multi-plaintiff interpretation would generate intractable inefficiencies and forum-shopping incentives that the General Assembly never intended—particularly in cases involving two to five plaintiffs, where consolidation is unavailable even today. *See* Pls.' Opening Br. 37-40; Pls.' Reply Br. 15-17.

KAPLAN HECKER & FINK LLP

2

  If anything, *Bavely* hurts Defendants' cause. In rejecting a per-claim reading of the cap, the *Bavely* court relied on Virginia's "nonsuit" statute. 2023 Va. Cir. LEXIS 223, at *10. That statute (like other provisions of Virginia law) links an "action" to an individual "party" and thus bolsters Plaintiffs' per-plaintiff reading. Va. Code § 8.01-380(A); *see* Pls.' Opening Br. 30-31 (collecting other statutes).

  In short, *Bavely* changes nothing. The Court should reverse the district court's application of the punitive damages cap.

Respectfully submitted,

Raymond P. Tolentino